IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAAP INDUSTRIES,<br><br>                     Plaintiff,<br><br>        vs.<br><br>BURNS & McDONNELL ENGINEERING COMPANY, INC.,<br><br>                     Defendant.<br>_____/ | CASE NO. CV F 06-0417 LJO GSA<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE** |

On April 25, 2008, Plaintiff KAAP Industries filed motions in limine. Also on April 25, 2008, Defendant Burns & McDonnell Engineering Company, Inc. filed its motions in limine. On May 5, 2008, the parties filed oppositions to the other parties' motions. The Court found the motions in limine suitable for decision without oral argument, pursuant to Local Rule 78-230(h), and vacated the hearing. Having considered the parties' motions and their oppositions, as well as the Court's file, the Court rules as follows.

**PLAINTIFF'S MOTIONS IN LIMINE**

**Motion No. 1 - Motion to exclude reference to employment history of Richard Sherman**. The defendant's opposition to the instant motion is convincing to show the relevancy and need for the Sherman employment evidence, including but not limited to, credibility. The motion is DENIED.

**Motion No. 2 - Motion to exclude witnesses from the courtroom.** The motion is the same as defendant's motion no. 3. The motion is GRANTED.

**Motion No. 3 - Motion to preclude irrelevant testimony or facts to issues set forth in the Pretrial Order.** The motion is the same as defendant's motion no. 2. The motion is GRANTED.

**Motion No. 4 - Motion to exclude undisclosed witnesses and unproduced documents in discovery.** The motion is the same as defendant's motion no. 4. The motion is GRANTED, except as to legitimate and true sur-rebuttal.

## DEFENDANT'S MOTIONS IN LIMINE

**Motion No. 1 - Motion to preclude plaintiff from disproving any fact which is an undisputed fact in the Pretrial Order.** The motion is GRANTED.

**Motion No. 2 - Motion to preclude irrelevant testimony or facts not in Court's Pretrial Order**. The motion is GRANTED.

**Motion No. 3 - Motion to exclude witnesses from the courtroom**. The motion is GRANTED.

**Motion No. 4 - Motion to exclude undisclosed witnesses and unproduced documents.** The motion is GRANTED, except as to legitimate and true rebuttal.

**Motion No. 5 - Motion to exclude post dispute statements for purposes of interpreting the terms of the contract.** In this motion, defendant seeks to exclude the statement of defendant's principal, Ms. Thompson, that "If it were up to her, she'd have paid plaintiff." The motion is DENIED. The statement may go to the issue of plaintiff's performance of the contract. This ruling does not preclude defendant from putting the statement in context, and/or explaining the statement's purpose or denying the statement was made at all.

**Motion No. 6 - Motion to admit evidence of videotaped deposition of Wesley Miess**. Mr. Miess's deposition was noticed pursuant to Fed.R.Civ.P. 30(b)(3) and 32(a). Mr. Miess resides in Chicago, Illinois which is more than 100 miles from the place of trial. The motion is GRANTED on both procedural grounds and relevancy grounds (See the Court's ruling on Plaintiff's Motion No. 1).

**Motion No. 7 - Motion to exclude evidence regarding defendant's financial resources and profit on the project.** The motion, as it pertains to the defendant's financial resources in general, is GRANTED.

/////
/////
/////
/////

1      The motion on the issue of profits on the instant project is DENIED, if defendant intends on
2 taking a position in trial that any amounts allegedly owed were unpaid and therefore a profit was not
3 realized. Otherwise, the motion is GRANTED. Defendant must file a declaration within three (3) Court
4 days of the date of this order indicating its intent in this regard. Failure to comply will lead to a denial
5 of this motion.
6 IT IS SO ORDERED.
7 **Dated:**   **May 12, 2008**                                **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE